UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
VALINA OSWALD,

                Plaintiff,

        -against-

CASTLE SENIOR LIVING, AVI LUSTIG, and
ABE SCHUSTER,

                Defendants.
-------------------------------------------------------------------X

Case No. 26-CV-00801 (MMH)

**DEFENDANTS' ANSWER**
**WITH AFFIRMATIVE DEFENSES**

      Defendants, Castle Senior Living ("Castle"), Avi Lustig ("Mr. Lustig"), and Abe Schuster

("Mr. Schuster, and together with Castle and Mr. Lustig, the "Defendants"), by their attorneys,

Ellenoff Grossman Schole LLP, hereby Answer the Complaint of Plaintiff Valina Oswald

("Plaintiff"), dated and filed on February 11, 2026 in the above-captioned matter as follows:

## NATURE OF THE ACTION

      1.      Defendants state that the first sentence of paragraph 1 sets forth Plaintiff's legal

theories of recovery to which no response is required. Defendants deny the remaining allegations

set forth in paragraph 1.

      2.      Defendants deny the allegations set forth in paragraph 2.

## ANSWERING JURISDICTION AND VENUE

      3.      Defendants state that paragraph 3 constitutes a conclusion of law to which no

response is required.

      4.      Defendants state that paragraph 4 constitutes a conclusion of law to which no

response is required.

{01638147.DOCX.2}

## ANSWERING THE PARTIES' ALLEGATIONS

5.      Defendants admit that Plaintiff was employed by Defendants, but Defendants deny information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5.

6.      Defendants deny the allegations set forth in paragraph 6.

7.      Defendants deny the allegations set forth in paragraph 7.

8.      Defendants admit the allegations set forth in paragraph 8.

9.      Defendants state that the first sentence of paragraph 9 constitutes a conclusion of law to which no response is required. Defendants deny the remaining allegations set forth in paragraph 9.

## ANSWERING FACTUAL ALLEGATIONS

10.      Defendants admit the allegations set forth in paragraph 10.

11.      Defendants deny the allegations set forth in paragraph 11.

12.      Defendants deny the allegations set forth in paragraph 12.

13.      Defendants deny the allegations set forth in paragraph 13.

14.      Defendants deny the allegations set forth in paragraph 14.

15.      Defendants deny the allegations set forth in paragraph 15.

16.      Defendants deny the allegations set forth in paragraph 16.

17.      Defendants deny the allegations set forth in paragraph 17.

18.      Defendants deny the allegations set forth in paragraph 18.

19.      Defendants deny the allegations set forth in paragraph 19.

20.      Defendants deny the allegations set forth in paragraph 20.

21.      Defendants deny the allegations set forth in paragraph 21.

{01638147.DOCX.2}

22.     Defendants deny the allegations set forth in paragraph 22.

23.     Defendants admit that Plaintiff was paid $4,775 but deny the remaining allegations of paragraph 23.

24.     Defendants deny the allegations set forth in paragraph 24.

25.     Defendants admit that Plaintiff was paid the previously calculated $19,100 but deny the remaining allegations of paragraph 25.

26.     Defendants deny the allegations set forth in paragraph 26.

27.     Defendants deny the allegations set forth in paragraph 27.

28.     Defendants deny the allegations set forth in paragraph 28.

29.     Defendants deny the allegations set forth in paragraph 29.

30.     Defendants deny the allegations set forth in paragraph 30.

31.     Defendants deny the allegations set forth in paragraph 31.

32.     Defendants deny the allegations set forth in paragraph 32.

33.     Defendants deny the allegations set forth in paragraph 33.

34.     Defendants deny the allegations set forth in paragraph 34.

35.     Defendants deny the allegations set forth in paragraph 35.

36.     Defendants deny the allegations set forth in paragraph 36.

37.     Defendants deny the allegations set forth in paragraph 37.

38.     Defendants deny the allegations set forth in paragraph 38.

39.     Defendants deny the allegations set forth in paragraph 39.

40.     Defendants deny the allegations set forth in paragraph 40.

41.     Defendants deny the allegations set forth in paragraph 41.

## ANSWERING CLAIM I
### (Retaliation in Violation of the FLSA)

42.    With respect to paragraph 42, Defendants repeat and incorporate by reference their responses to each and every allegation and statement in Paragraphs 1 through 41 of the Complaint.

43.    Defendants state that paragraph 43 sets forth Plaintiff's legal theories of recovery to which no response is required.

44.    Defendants deny the allegations set forth in paragraph 44.

45.    Defendants deny the allegations set forth in paragraph 45.

46.    Defendants deny the allegations set forth in paragraph 46.

47.    Defendants state that paragraph 47 sets forth Plaintiff's legal theories of recovery to which no response is required.

## ANSWERING CLAIM II
### (Retaliation in Violation of the NYLL)

48.    With respect to paragraph 48, Defendants repeat and incorporate by reference their responses to each and every allegation and statement in Paragraphs 1 through 47 of the Complaint.

49.    Defendants deny the allegations set forth in paragraph 49.

50.    Defendants deny the allegations set forth in paragraph 50.

51.    Defendants deny the allegations set forth in paragraph 51.

52.    Defendants deny the allegations set forth in paragraph 52.

53.    Defendants state that paragraph 53 sets forth Plaintiff's legal theories of recovery to which no response is required.

54.    Defendants state that paragraph 54 sets forth Plaintiff's legal theories of recovery to which no response is required.

{01638147.DOCX.2}

## ANSWERING CLAIM III
### (Failure to Pay Timely Commission Under the NYLL)

55.    With respect to paragraph 55, Defendants repeat and incorporate by reference their responses to each and every allegation and statement in Paragraphs 1 through 54 of the Complaint.

56.    Defendants state that paragraph 56 sets forth Plaintiff's legal theories of recovery to which no response is required.

57.    Defendants state that paragraph 57 sets forth Plaintiff's legal theories of recovery to which no response is required.

58.    Defendants deny the allegations set forth in paragraph 58.

59.    Defendants deny the allegations set forth in paragraph 59.

60.    Defendants deny the allegations set forth in paragraph 60.

61.    Defendants state that paragraph 61 sets forth Plaintiff's legal theories of recovery to which no response is required.

## ANSWERING CLAIM IV
### (Failure to Furnish Proper Wage Statement in Violation of the NYLL)

62.    With respect to paragraph 62, Defendants repeat and incorporate by reference their responses to each and every allegation and statement in Paragraphs 1 through 61 of the Complaint.

63.    Defendants state that paragraph 63 sets forth Plaintiff's legal theories of recovery to which no response is required.

64.    Defendants deny the allegations set forth in paragraph 64.

65.    Defendants state that paragraph 65 sets forth Plaintiff's legal theories of recovery to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 65.

{01638147.DOCX.2}

## AS TO "JURY DEMAND"

Defendants deny that Plaintiff is entitled to a jury trial.

## AS TO "PRAYER FOR RELIEF"

Defendants deny that Plaintiff is entitled to any relief demanded in the "Prayer for Relief" clause of the Complaint, and aver Plaintiff is not entitled to any other form of relief whatsoever.

*          *          *

Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendant, Defendant assert the following affirmative defenses:

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Defendants have fully compensated Plaintiff for all work performed, including commissions.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff cannot recover liquidated damages under the Fair Labor Standards Act ("FLSA") or New York Labor Law ("NYLL") because the Defendants at all times acted in good faith and believed that their conduct was not in violation of the FLSA or NYLL or any other federal, state, or local laws, rules, regulations, or guidelines.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiff could establish that the Defendants are liable under FLSA and/or NYLL (and she cannot), recovery must be limited because the Defendants did not act willfully.

{01638147.DOCX.2}

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Any act or omission on the part of the Defendants was in good faith, and Defendants had reasonable grounds for believing that such acts or omissions were not in violation of and were in conformity with FLSA, NYLL, written administrative regulations, orders, rulings, approvals, or interpretations of the U.S. Department of Labor and, therefore, some or all of the claims in the Complaint are barred.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of payment.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Defendants are entitled to a set-off with respect to Plaintiff for monies already paid, including for any hours that Plaintiff was not working, including those during which Plaintiff was free to use the time for her own purposes without restriction.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff does not have standing to pursue claims for penalties under the NYLL for failure to provide a wage notice or wage statements under NYLL Section 195.

## AS FOR A NINTH AFFIRMATIVE DEFENSE

To the extent any overtime might have been inadvertently underpaid or unpaid, any amounts owed are *de minimis* and thus the Plaintiffs may not recover therefor.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

{01638147.DOCX.2}

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Defendants deny any discriminatory or retaliatory conduct, but if the same is found, Defendants would have made the same employment decisions and taken the same actions as to Plaintiff irrespective of any protected characteristics or any invocation of rights arising under federal, state or local law.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has suffered any damages or injuries, which Defendants deny, such damages, or injuries were not caused by Defendants' actions, inactions or conduct.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff has failed to act reasonably to mitigate her alleged damages as required by law.

### AS FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Defendants acted reasonably and in good faith and based on legitimate non-discriminatory and non-retaliatory reasons with respect to Plaintiff at all times pertinent hereto.

### RESERVATION OF RIGHTS

Defendants reserve the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information and investigation into the Plaintiff's claims.

### DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully requests the following relief:

A.    Dismissal of all of Plaintiff's claims, with prejudice, and entry of judgment in favor of Defendants;

B.    An award of the costs of defending this action, including reasonable attorneys' fees; and

{01638147.DOCX.2}

C.        All other legal and equitable relief that this Court deems just and proper.

Dated: May 11, 2026
       New York, New York

                                        ELLENOFF GROSSMAN & SCHOLE LLP


                                        By: Jeffery Meyer, Esq.
                                            Jared Nossen, Esq.
                                        1345 Avenue of the Americas, 11th Floor
                                        New York, NY 10105
                                        (212) 370-1300

                                        *Attorneys for Defendants*

{01638147.DOCX.2}